BENJAMIN B. WAGNER
United States Attorney
ANDRÉ M. ESPINOSA
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. 2:14-CR-0054-MCE |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **STIPULATION AND RESTITUTION ORDER** |
| Denise Erika Wasicki, | ) | |
| aka Denise Erika Moutrey, and aka Jackie Stemmons, | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorney of record, and defendant Denise Erika Wasicki ("Defendant"), by and through her counsel of record, hereby stipulate as follows:

1. On or about May 14, 2015, Defendant appeared before the Court and entered a guilty plea to Count Fifteen and Count Twenty-Two of the Indictment, which charged Defendant with Mail Fraud in violation of 18 U.S.C. § 1341, felonies.

2. On or about October 8, 2015, the Court sentenced Defendant to concurrent terms of thirty-three months' imprisonment on each Count, to be followed by concurrent terms of thirty-six months of Supervised Release.  The Court also imposed a $200 special assessment but waived a fine.

3. The Court ordered Defendant to self-surrender not later than 2:00 p.m., on January 5, 2016, to the institution designated by the Bureau of Prisons or, if no such designation has been made by that date, to the custody of the United States Marshal Service located in the Eastern District of California.

4. The Court did not order restitution at the time of sentencing and left the matter of

restitution to be determined at a hearing scheduled for December 3, 2014.

5. On or about December 3, 2015, the Court granted the parties' joint request to continue the restitution hearing to December 17, 2015.

6. By this stipulation, the parties jointly request that the Court issue an amended judgment and commitment that includes an order that Defendant pay restitution in the amounts set forth herein.

7. The parties agree that amount of loss suffered by each victim as set forth in this Stipulation is supported by a preponderance of the evidence.

8. The parties further agree that, pursuant to 18 U.S.C. § 3664(f), the Court may order restitution to each victim in the full amount of each victim's losses without consideration of Defendant's economic circumstances.  However, the parties agree that Defendant possesses some future earning capacity upon which she may rely, to the extent possible, to support payment of restitution as set forth in this Stipulation.

9. Defendant agrees to pay restitution as set forth herein and waives, to the full extent of the law, any appeal, collateral attack, or other challenge to the Court's restitution order.  Defendant further agrees not to attempt to discharge in bankruptcy proceedings any remaining payment obligation under the restitution order imposed by the Court pursuant to this Stipulation.

10. Specifically, Defendant agrees to pay restitution as follows:

| Name of Payee | Restitution Ordered | Priority or Percentage |
|---|---|---|
| Aerotek<br>7301 Parkway Drive<br>Hanover, MD 21076<br>c/o Edward T. Choilo | $390,624.21 | Proportional up to 100% |
| Shook Hardy & Bacon LLP<br>P.O. Box 843223<br>Kansas City, MO 64184-3223<br>c/o The Shook, Hardy & Bacon Client Trust Account (Reference Aerotek Restitution Payment) | $78,124.84 | Proportional up to 100% |
| **TOTAL:** | **$468,749.05** | |

11. The parties further agree that payment of restitution during Defendant's imprisonment should be made at the rate of not less than $25 per quarter, through the Bureau of Prisons Inmate Financial Responsibility Program.

12. The parties further acknowledge and agree that Defendant is statutorily required to pay interest on restitution greater than $2,500, unless the restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f), and that payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g). The parties acknowledge and agree that the Court may waive the requirement for interest if the Court finds that Defendant does not have the ability to pay interest. See 18 U.S.C. § 3612(f)(3)(A). The parties acknowledge and agree that Defendant does not have the ability to pay interest on the proposed total restitution in this matter and jointly recommend that the Court so find and waive the requirement for interest payments.

13. The parties agree that by the Court's execution of this Stipulation and proposed order, the restitution hearing scheduled for December 17, 2015 is rendered moot and should be vacated.

14. The parties further agree that by execution of this Stipulation and proposed order, this matter is closed.

**IT IS SO STIPULATED.**

Dated: December 14, 2015                    Respectfully Submitted,

                                            BENJAMIN B. WAGNER
                                            United States Attorney


                                      By:   /s/ André M. Espinosa
                                            ANDRÉ M. ESPINOSA
                                            Assistant U.S. Attorney


Dated: December 14, 2015
                                            /s/ Timothy Zindel
                                            TIMOTHY ZINDEL
                                            Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 2:14-CR-0054-MCE |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Denise Erika Wasicki, ) aka Denise Erika Moutrey, and ) aka Jackie Stemmons, ) | |
| Defendant. ) | |

Pursuant to the stipulation between the parties and for good cause shown, the Court finds that:

1.   The amount of loss suffered by each victim as set forth in the Stipulation is supported by a preponderance of the evidence.

2.   Pursuant to 18 U.S.C. § 3664(f), the Court may order restitution to each victim in the full amount of each victim's losses without consideration of Defendant's economic circumstances. In any event, as stipulated by the parties, Defendant possesses some future earning capacity upon which she may rely, to the extent possible, to support payment of restitution as set forth in the Stipulation.

3.   Defendant agrees to pay restitution as set forth in the Stipulation and waives, to the full extent of the law, any appeal, collateral attack, or other challenge to the Court's restitution order. Defendant further agrees not to attempt to discharge in bankruptcy proceedings any payment obligations under the restitution order imposed by the Court pursuant to the Stipulation.

4.   Defendant does not have the ability to pay interest on the total restitution set forth in the Stipulation and, pursuant to 18 U.S.C. § 3612(f)(3)(A), the Court may waive the requirement for interest payments.

**Accordingly**, pursuant to the Stipulation between the parties and for good cause shown, it is hereby

**ORDERED,** that Defendant shall pay restitution to the victims and in the amounts that follow:

| Name of Payee | Restitution Ordered | Priority or Percentage |
|---|---|---|
| Aerotek<br>7301 Parkway Drive<br>Hanover, MD 21076<br>c/o Edward T. Choilo | $390,624.21 | Proportional up to 100% |
| Shook Hardy & Bacon LLP<br>P.O. Box 843223<br>Kansas City, MO 64184-3223<br>c/o The Shook, Hardy & Bacon Client Trust Account (Reference Aerotek Restitution Payment) | $78,124.84 | Proportional up to 100% |
| **TOTAL:** | **$468,749.05** | |

And it is further

**ORDERED,** that during her imprisonment, Defendant shall make restitution payments at a rate of not less than $25 per quarter, through the Bureau of Prisons Inmate Financial Responsibility Program, and thereafter at the rate of not less than $25 per month.  And it is further

**ORDERED,** that, pursuant to 18 U.S.C. § 3612(f)(3)(A), the requirement that Defendant pay interest on the total restitution amount is waived.  And it is further

**ORDERED,** that the restitution hearing scheduled for December 17, 2015 is **VACATED**.

The Court shall issue an Amended Judgment and Commitment ordering Defendant to pay restitution consistent with this Order.

IT IS SO ORDERED.

Dated:  December 15, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT